UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 13-CV-61079-SCOLA/VALLE

JEFFREY D. BIANCHI,

    Plaintiff,

v.

PIONEER CREDIT
RECOVERY INC.,

    Defendant.
_____

## ORDER DENYING DEFENDANT'S MOTION TO COMPEL

THIS MATTER is before the Court on Defendant Pioneer Credit Recovery Inc.'s ("Defendant") Motion to Compel (ECF No. 15). The Court has reviewed the Motion to Compel, Plaintiff's Response ("Response") (ECF No. 16), and Defendant's Reply ("Reply") (ECF No. 17), and being fully advised, hereby **DENIES** Defendant's Motion as moot.

Defendant filed its Motion to Compel on December 6, 2013, asserting that it had not received a response from Plaintiff to Defendant's first set of interrogatories and first request for production. *See* (ECF No. 15 at 1-2). Defendant's counsel further stated that he attempted to confer with Plaintiff's counsel "multiple times" by email in a good faith effort to obtain the requested discovery without the need for court intervention. *Id*. at 2.

In Response to the Motion to Compel, Plaintiff maintains that he timely served his discovery responses to Defendant's request for production and interrogatories via United States mail. *See* (ECF No. 16 at 1). Plaintiff has attached as exhibits to the Response the disputed discovery responses, each certifying a mailing date of November 6, 2013. *See* (ECF Nos. 16-1, 16-2). Plaintiff's counsel further argues that the Motion to Compel should be denied because Defendant's counsel failed to engage in an appropriate pre-filing conference. *Id*. at 1-2.

Both the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida require a pre-filing conference prior to the submission of a discovery-related motion. *See* S.D. Fla. L.R. 7.1(a)(3); *see also* Fed. R. Civ. P. 37(a)(1). In order to confer, "a movant must have a give-and-take exchange with opposing counsel." *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 744 F. Supp. 2d 1297, 1299 (S.D. Fla. 2010) (Goodman, Mag. J.) Simply put, "sending an email and demanding an immediate or near-immediate response and then filing a motion before having an actual substantive discussion with opposing counsel does not amount to a conference or consultation." *Id.*

Here, Defendant's counsel sent emails to Plaintiff's counsel on December 5 and 6, 2013, advising Plaintiff of the possible filing of the instant motion. Because of medical issues, however, Plaintiff's counsel did not respond and Defendant filed the motion on December 6 without actually conversing with Plaintiff's counsel. Although Defendant asserts that it did not receive the discovery responses until after filing its Motion to Compel, *see* (ECF No. 17 at 2), an actual conversation with Plaintiff's counsel might have solved this discovery dispute and saved both client and Court resources.

In its Reply, Defendant also questions the substantive sufficiency of Plaintiff's discovery responses. That, however, is an issue that was not raised in the initial Motion to Compel and is not properly before the Court at this time. Defendant may, of course, file a subsequent motion—after conducting a meaningful meet-and-confer—if it still believes that Plaintiff's responses are inadequate.

In sum, the Court accepts both counsels' representations that: (i) Plaintiff mailed the discovery responses on November 6, 2013; but (ii) Defendant did not receive the responses until December 20, 2013, well after the filing of the instant Motion to Compel. Accordingly, the Court denies the Motion to Compel as moot and declines to award fees and costs to either party

in connection with the instant motion, finding that the circumstances make an award of expenses unjust.

Lastly, the parties are reminded that any future discovery-related filings must abide by District Judge Scola's Order Referring Discovery Matters to the Magistrate Judge, s*ee* (ECF No. 4 at ¶6), which, among other things, sets an abbreviated page and time limitation for discovery-related motions.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 2, 2014.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Robert N. Scola, Jr.
All Counsel of Record